IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,177




NEWMAN ELMO JONES III, Relator

v.

THE HONORABLE STEVEN HEROD, JUDGE OF THE 91ST DISTRICT
COURT OF EASTLAND COUNTY, TEXAS, AND CAROL BRITTAIN,
DISTRICT CLERK OF EASTLAND COUNTY, TEXAS, Respondents




ON APPLICATION FOR A WRIT OF MANDAMUS
CAUSE NO. CR–01-19324 IN THE 91ST JUDICIAL DISTRICT COURT
FROM EASTLAND COUNTY




           Per curiam.

O R D E R


            Relator has filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. He has also filed a motion for attorney’s fees. In his motion for leave to
file, he contends that after he filed an application for a writ of habeas corpus in the 91st Judicial
District Court of Eastland County and the trial court made findings of fact and conclusions of law,
he filed objections to the trial court’s findings and conclusions. He contends that his objections were
not forwarded to this Court. 
            In his motion for attorney’s fees, Relator contends that Respondent Brittain had a ministerial
duty to forward his objections to this Court and that Respondent Judge Herod had a ministerial duty
not to interfere with Respondent Brittain’s ministerial duties. He contends that Respondents
deliberately violated their ministerial duties.
            On April 1, 2009, we held Relator’s motion for leave to file in abeyance and ordered
Respondent Brittain to file a response. On April 17, we received a response in which she stated that
Relator’s objections were not forwarded to this Court until March 19. 
            We grant Relator’s motion for leave to file and order that this application be filed and set for
submission to determine: (1) whether Relator’s complaint is moot; (2) whether a district clerk has
a ministerial duty under Article 11.07 of the Code of Criminal Procedure to forward to this Court
objections and any other matters an applicant submits after his habeas application has been filed and,
in particular, after his application has been forwarded to this Court; and (3) if a district clerk has such
a ministerial duty, whether Relator is entitled to reasonable attorney’s fees because his objections
were not forwarded to this Court until March 19. The parties shall brief these issues.
            It appears that Relator is represented by counsel. If he is not, the trial court shall determine
whether he is indigent. If Relator is indigent and desires to be represented by counsel, the trial court
shall appoint an attorney to represent him. Tex. Code Crim. Proc. art 26.04. The trial court shall
send to this Court, within 60 days of the date of this order, a supplemental transcript containing: a
confirmation that Relator is represented by counsel; the order appointing counsel; or a statement that
Relator is not indigent. All briefs shall be filed with this Court within 90 days of the date of this
order.


Filed: June 24, 2009
Do not publish